## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

CHRISTOPHER SADOWSKI,                             Case No.: 1:23-cv-21129

Plaintiff,

v.

FLEEKUS, LLC, A DELAWARE LIMITED
LIABILITY COMPANY,
Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSESTO PLAINTIFF'S COMPLAINT

Defendant, FLEEKUS, LLC ("Defendant"), by and through its undersigned counsel, hereby answers each paragraph of the Complaint filed by Plaintiff, CHRISTOPHER SADOWSKI, and asserts its affirmative defenses as follows:

### PARTIES

1. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 1 of the complaint and demands strict proof thereof at the trial of this action.

2. Defendant admits the allegations in paragraph 2 of the complaint for jurisdictional purposes only.

### JURISDICTION AND VENUE

3. Defendant admits the allegations in paragraph 3 of the complaint for jurisdictional purposes only.

4. Defendant admits the allegations in paragraph 4 of the complaint for jurisdictional purposes only.

5. Defendant admits the allegations in paragraph 5 of the complaint for jurisdictional purposes only.

## I. FACTS

6. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 6 of the complaint and demands strict proof thereof at the trial of this action.

7. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 7 of the complaint and demands strict proof thereof at the trial of this action.

8. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 8 of the complaint and demands strict proof thereof at the trial of this action.

9. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 9 of the complaint and demands strict proof thereof at the trial of this action.

10. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 10 of the complaint and demands strict proof thereof at the trial of this action.

11. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 11 of the complaint and demands strict proof thereof at the trial of this action.

## II. THE WORK AT ISSUE IN THIS LAWSUIT

12. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 12 of the complaint and demands strict proof thereof at the trial of this action.

13. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 13 of the complaint and demands strict proof thereof at the trial of this action.

14. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 14 of the complaint and demands strict proof thereof at the trial of this action.

15. "The Work" speaks for itself.

16. "Exhibit A" speaks for itself and Defendant denies any allegation or interpretation inconsistent with the document.

17. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 17 of the complaint and demands strict proof thereof at the trial of this action.

### III. DEFENDANT'S UNLAWFUL TACTICS

18. Defendant admits only that its business is a website, all other allegations are denied.

19. Admitted.

20. Denied. The Work was not published by Defendant.

21. "Exhibit B" speaks for itself and Defendant denies any allegation or interpretation inconsistent with the document.

22. Defendant admits that it has never licensed to use or display the work directly from the Plaintiff and has never contacted Plaintiff directly to seek permission for use of the work. As for the remainder of the allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the same, and therefore demands strict proof thereof at the trial of this action. In further answer, the image was obtained from the public domain; and Defendant was wholly unaware of any potential copyright violation or infringement and denies any wrongdoing.

23. Defendant denies the Work was utilized for commercial use. In further answer, the image was obtained from the public domain; and Defendant was wholly unaware of any potential copyright violation or infringement, and denies any wrongdoing.

24. Denied.

25. Defendant admits only that Plaintiff notified Defendant regarding use of the work. As for the remainder of the allegations, Defendant denies that Defendant was unable to provide and

negotiate a reasonable license for the Work. Defendant also denies that a license for the Work is required.

26. Denied.

## COUNT I – COPYRIGHT INFRINGEMENT

27. Defendant realleges and incorporates paragraphs 1 through 26 as set forth above.

28. This paragraph is a legal conclusion and does not require a response, it is otherwise denied.

29. This paragraph is a legal conclusion and does not require a response, it is otherwise denied.

30. Denied. In further answer, the image was obtained from the public domain; and Defendant was wholly unaware of any potential copyright violation or infringement, and denies any wrongdoing.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## AFFIRMATIVE DEFENSES

1. As a first affirmative defense, Plaintiff fails to state a cause of action upon which relief can be granted in whole or in part.

2. As a second affirmative defense, Defendant's alleged activities do not infringe or otherwise violate any rights owned and registered by Plaintiff under the copyright laws of the United States.

3. As a third affirmative defense, Plaintiff has not been injured in any manner as a result of any act of Defendant.

4. As a fourth affirmative defense, any similar elements of the accused Photographs are in the public domain and the use thereof is fair use.

5. As a fifth affirmative defense, Plaintiff's copyright infringement claim is barred in whole, or at least in part, because the Photographs Plaintiff claims were infringed do not have sufficient creativity (lack originality) to be copyrighted. The Work lacks both a modicum of creativity and lacks independent creation from its author. The photographs were factual in nature instead of being creative works.

6. As a sixth affirmative defense, Plaintiff's cause of action is barred in whole, or at least in part, by Plaintiff's failure to mitigate damages.

7. As a seventh affirmative defense, to the extent Plaintiff is able to prove it had valid copyrights, Plaintiff's claim for copyright infringement is barred in whole or in part, by Defendant's innocent intent and/or on the basis that Defendant was wholly unaware of the allegedly infringing material on its website.

8. As an eighth affirmative defense, Plaintiff's claims for damages are speculative.

9. As a ninth affirmative defense, Plaintiff's claims are barred by the doctrine of fair use. News reporting is one of the categories of use expressly mentioned in the Copyright Act as particularly appropriate to the application of fair use doctrine in 17 U.S.C. § 107. Defendant's use of the photographs at issue was for news reporting which falls into the category of the presumption of fair use.

10. As a tenth affirmative, the photographs at issue had been published previous to Defendant's use in this case. Though Defendant denies any actual publication of the photographs, the

photographs came directly from the photo's original source, the New York Post. The photographs were not stored or uploaded on Defendant's servers, and were provided by a link preview data from the New York Post.

11. As for an eleventh affirmative defense, Defendant's use of the photographs was not commercial, and Defendant did not profit from any alleged use.

12. As for a twelfth affirmative, upon information and belief, Sadowski's actual business is not photography, but rather is in the business filing of Copyright lawsuits as a serial plaintiff. At present time, Mr. Sadowski has filed approximately 168 lawsuits in the Federal Courts of the United States.

13. As for a thirteenth affirmative defense, the Photographs for which Plaintiff claims copyright coverage fail to qualify as original works of authorship under 17 U.S.C.A. § 102.

14. As for a fourteenth affirmative defense, Plaintiff's claims are barred in that Plaintiff failed to take reasonable steps to protect its purported intellectual property.

15. As for the fifteenth affirmative defense, Defendant is protected by the "safe harbor" provision of the Digital Millennium Copyright Act, 17 U.S.C. §512(c)(1) (the "DMCA"). The DMCA provides a bar to damages or equitable relief to Internet Service Providers such as the Defendant if the claim against the service provider relates to infringement of copyright by reason of the storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider. Here, there was never even an actual storage of the Photographs.  The protection is available if the service provider: (A) (1) does not have actual knowledge that the material or an activity using the material on the system or network is infringing; (2) in the absence of such actual knowledge, is not aware of facts or circumstances from which infringing activity is apparent; or (3) upon obtaining such knowledge or awareness, acts

expeditiously to remove, or disable access to, the material; (B) does not receive a financial benefit directly attributable to the infringing activity, in a case in which the service provider has the right and ability to control such activity; and (C) upon notification of claimed infringement as described in paragraph (3), responds expeditiously to remove, or disable access to, the alleged infringing material.

16. As a sixteenth affirmative defense, Defendant alleges that Plaintiff's damages, if any, were caused and contributed by the fault and/or breach on the part of others over whom Defendant had no authority or control, and who are not parties to this lawsuit. Therefore, Plaintiff's recovery, if any, from Defendant is barred, or, in the alternative, reduced by the fault of these third parties. A user of the Defendant's website provided the content of the alleged infringing post. The user did not upload the photographs, but would have simply provided the link from the New York Post story which, assumingly, was authorized to post the Photographs.

17. As a seventeenth affirmative defense, Plaintiff lacks standing. The Photographs were produced on the Defendant's website by a link from the New York Post. The Plaintiff lacks standing to file suit for the use of work that another party had right to use.

18. As an eighteenth affirmative defense, no infringement took place as the Defendant solely provided a link to the original location of the Photographs and never stored the Photographs on its serves. *See* e.g. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1154 (9th Cir. 2007); *MidlevelU, Inc. v. ACI Info. Group,* 18-80843-CIV, 2019 WL 7371835, at *4 (S.D. Fla. Sept. 10, 2019)(holding summary judgment was not proper because the issue of fact in whether the Defendant did not actually store the infringing work on its own server was in dispute).

Defendant hereby preserves such other affirmative defenses that may become available to it by this Answer and/or through discovery, and does not waive subsequent defenses

## REQUEST FOR JURY TRIAL

Defendant Fleekus, LLC, requests a trial by jury on all issues so triable.

**WHEREFORE**, defendant Fleekus, LLC respectfully requests the Court to enter judgment in their favor, and award defendants their reasonable costs and attorney's fees incurred in defense of this action pursuant to 17 U.S.C. §505. together with such other relief as the Court deems just and proper.

Respectfully submitted,

**VAZQUEZ & ASSOCIATES**
1111 Brickell Avenue, Suite 1550
Miami, Florida 33131
Telephone: (305) 371-8064

By: /s/Steven B. Herzberg
**Steven B. Herzberg Esq.**
Florida Bar No. 111541
Email: sh@gvazquez.com
By: /s/ Safa Chowdhury
**Safa Chowdhury, Esq.**
Florida Bar No.: 1033004
Email: sc@gvazquez.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's CM/ECF electronic mail notification system, on this 12th day of April, 2023, upon all counsel of record in this matter.

/s/ Steven B. Herzberg
Steven B. Herzberg Esq.
Florida Bar No. 111541